# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| **John Gray,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Trans Union, LLC,** | ) | **DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, John Gray, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendant transacted business here.

## PARTIES

3. The Plaintiff, John Gray, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Defendant Trans Union LLC ("Trans Union") is a Delaware corporation registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Trans Union may be served with process through its registered agent for service of process, Prentice-Hall Corporation System Inc., 1703 Laurel Street, Columbia, South Carolina 29201. Defendant Trans Union was in all respects and at all times relevant herein doing business in the state of South Carolina.

5. Defendant Trans Union's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files; and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

6. The Plaintiff alleges that Defendant Trans Union repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file.

## FACTUAL ALLEGATIONS

7. On or about August 14, 2008, the Plaintiff was declined credit by SallieMae. The Plaintiff applied to co-sign an educational loan on behalf of his grandchild

to help pay for their college. However, that application was declined. The reason given for the denial was the reporting of an "unpaid charge off, tax lien or judgment."

8. As the Plaintiff had no unpaid charge offs, tax liens, or judgments, he immediately requested a copy of his credit report.

9. On or about September 24, 2008, the Plaintiff received a copy of his Trans Union credit report. On this report, the Defendant was reporting a civil judgment owed to LVNV Funding as belonging to the Plaintiff.

10. After obtaining a copy of his credit report, the Plaintiff filed an electronic request for investigation with the Defendant specifically disputing the judgment.

11. On October 24, 2008, the Plaintiff received an electronic response to his dispute from Defendant. Although the resolution summary sent by the Defendant indicated that there was new information regarding the disputed judgment, the civil judgment continued to be reported on the Plaintiff's credit file.

12. On November 18, 2008, the Plaintiff sent a letter to Trans Union again disputing the reporting of a civil judgment on file in Darlington County Circuit Court as belonging to the him. In this letter the Plaintiff specifically informed Defendant that the judgment belonged to his son Johnny Gray who lived at the

same address. Additionally, the Plaintiff enclosed a copy of the judgment showing that it was entered against Johnny Gray.

13. On or about December 8, 2008, the Plaintiff received the investigation results from Defendant showing that the Civil Judgment had been verified and there was no change to his credit report. As a result, the civil judgment remained on the Plaintiff's credit report.

14. To date, the Defendant is continuing to report the judgment as belonging to the Plaintiff, despite information verifying that the judgment belongs to Johnny Gray, not the Plaintiff.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

15. The Plaintiff adopts the averments and allegations of paragraphs 7 through 14 hereinbefore as if fully set forth herein.

16. Defendant Trans Union maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently and willfully violated the provisions of the Fair Credit Reporting Act by failing and refusing to take steps to correct the Plaintiff's credit reports and by failing and refusing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit file.

17. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the

Plaintiff's credit file.

18. Due to Defendant Trans Union's negligent and willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

19. As a result of Defendant Trans Union's acts and omissions, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered denial of credit, damage to his credit reputation, mental anxiety, emotional suffering, worry, humiliation and mental distress. In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant Trans Union alleged herein, would not have been necessary. Further, Defendant Trans Union's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant Trans Union is liable to the Plaintiff for punitive damages.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

20. The Plaintiff adopts the averments and allegations of paragraphs 7 through 19 hereinbefore as if fully set forth herein.

21. Defendant Trans Union's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires the Defendant to follow

reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file; and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

22. Defendant Trans Union repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file. Additionally, Defendant Trans Union repeatedly sent the Plaintiff the wrong credit file. Finally, although Defendant Trans Union represented to Plaintiff that the disputed account had been removed from his credit report. The first time this statement was made it was completely false. Trans Union has made the same statement a second time and thereafter has failed and/or refused to provide the Plaintiff with proof of said representation.

23. Defendant Trans Union wrongfully refused to investigate the Plaintiff's subsequent disputes regarding the disputed account.

24. On more than one occasion the Plaintiff disputed the erroneous information contained on his credit report directly with Defendant Trans Union.

25. Despite the Plaintiff's repeated disputes and in direct violation of the FCRA, Trans Union failed to correct the inaccurate, erroneous, and malicious reporting on the Plaintiff's credit report.

26. On information and belief, the Plaintiff's Trans Union credit report presently

contains erroneous, libelous, inaccurate, and adverse information. Defendant Trans Union continues to report adverse, erroneous and libelous information to third parties who access the Plaintiff's credit report.

27. Defendants recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

28. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## DEFAMATION, LIBEL AND SLANDER

29. The Plaintiff adopts the averments and allegations of paragraphs 7 through 28 hereinbefore as if fully set forth herein.

30. Defendant Trans Union willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large. Said statements subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's reputation, and caused the Plaintiff mental anguish and emotional distress.

31. Said communications were false in that Plaintiff did not have a judgment against him and had provided Defendant documentation showing that the judgment was not against him.

32. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

33. Defendant communicated to third parties and the public at large false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

34. At the time said communications were made, Defendant knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

35. As a result of the intentional communications to third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and the public, and/or was subjected to ridicule.

36. Said communications were oral and written.

37. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish for which he claims compensatory and punitive damages.

### AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment

against the Defendant Trans Union for the following:

A. Compensatory and punitive damages from Defendant Trans Union for its violations of the FCRA;

B. Actual damages from Defendant Trans Union pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Costs and reasonable attorney's fees from Defendant Trans Union pursuant to 15 U.S.C. §1681n(a)(3);

D. Compensatory and punitive damages in excess of the jurisdictional requirements of this Court, from Defendant on Plaintiff's State law claims in an amount to be determined by a jury; and

E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

<u>/s/ Penny Hays Cauley</u>
Penny Hays Cauley

**<u>DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:</u>**
Trans Union, LLC
c/o Prentice-Hall Corporation System Inc.
1703 Laurel Street
Columbia, SC 29201